UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION



PETER BERNEGGER,
        Plaintiff,

v.

Case No. 26-CV-3

WISCONSIN ELECTIONS COMMISSION
COMMISSIONERS DON M. MILLIS,
ANN S. JACOBS,
MARK L. THOMSEN,
ROBERT F. SPINDELL, JR.,
MARGE BOSTELMANN,
CARRIE RIEPL,
and MEAGAN WOLFE, Administrator,
all in their official capacities,
        Respondents.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. § 1983

**I. INTRODUCTION**

1. This is a civil-rights action under 42 U.S.C. § 1983 for declaratory and injunctive relief.

2. Plaintiff filed four written HAVA complaints in 2025 with the Wisconsin Elections Commission.

3. WEC assigned EL numbers EL 25-78, EL 25-80, EL 25-81, and EL 25-82.

4. In each complaint, Plaintiff requested the hearing on the record required by 52 U.S.C. § 21112(a)(2).

5. WEC returned all four complaints "without consideration."

6. WEC did not docket any complaint, assign any adjudicator, provide any hearing, issue any determination, or offer alternative dispute resolution.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 1983.

8. Declaratory relief is authorized by 28 U.S.C. §§ 2201–2202.

9. Venue is proper under 28 U.S.C. § 1391(b).

10. A substantial part of the events giving rise to this action occurred in Wisconsin.

11. Plaintiff resides in this District.

## III. PARTIES

12. Plaintiff Peter Bernegger is a Wisconsin elector.

13. Plaintiff resides at 1806 Brynnwood Trace, New London, Wisconsin 54961.

14. Respondents Don M. Millis, Ann S. Jacobs, Mark L. Thomsen, Robert F. Spindell, Jr., Marge Bostelmann, and Carrie Riepl are Commissioners of the Wisconsin Elections Commission. 201 W Washington Ave, 2nd Floor, Madison, WI 53707.

15. The Commissioners are sued in their official capacities.

16. Respondent Meagan Wolfe is the Administrator of the Wisconsin Elections Commission.

17. Administrator Wolfe is sued in her official capacity.

18. Each Respondent acted under color of state law at all times relevant to this Complaint.

## IV. STANDING

*A. Injury in Fact*

19. Plaintiff personally filed four written HAVA complaints with WEC.

20. The complaints were assigned EL numbers EL 25-78, EL 25-80, EL 25-81, and EL 25-82.

21. In each complaint, Plaintiff requested a hearing on the record.

22. WEC issued written refusals stating that each complaint was "disposed of without consideration."

23. WEC did not docket any complaint for adjudication.

24. WEC did not assign any neutral decisionmaker.

25. WEC did not provide any hearing on the record.

26. WEC did not issue any merits determination.

27. WEC did not offer alternative dispute resolution.

28. Plaintiff's injury is concrete because Defendants' policy denies him the specific adjudicatory protections Congress required - access to a hearing on the record and a timely final determination or ADR - after Plaintiff invoked that process by filing sworn complaints and requesting hearings. Because WEC's refusals create no docketed case and no reviewable decision, the denial is not merely a generalized objection to government compliance but the loss of the only forum the statutes provide. The requested injunction would directly redress the injury by requiring docketing, neutral adjudication, and a hearing/decision pathway.

29. Moreover, the underlying HAVA complaints allege ongoing violations of Title III that, if proven and remedied, would correct deficiencies in Wisconsin's election administration affecting Plaintiff as a registered Wisconsin voter. WEC's refusal to adjudicate leaves those alleged violations unexamined and uncorrected, perpetuating the conditions Plaintiff sought to remedy through the only process Congress provided.

*B. Causation*

30. The Commissioners collectively constitute the Wisconsin Elections Commission.

31. The Commissioners possess final supervisory authority over WEC complaint procedures under Wis. Stat. § 5.05.

32. Administrator Wolfe is the chief election official responsible for implementing Commission directives. § 5.05(3)(g).

*C. Redressability*

33. An injunction requiring Respondents to provide a HAVA-compliant process would remedy Plaintiff's denial of process.

*D. No Adequate State Remedy*

34. Contested cases under Chapter 227 are reviewable under Wis. Stat. § 227.52.

35. WEC returned Plaintiff's complaints "without consideration."

36. WEC issued no decision on any of Plaintiff's complaints.

37. There is no contested case proceeding to review.

38. In *Wisconsin Voter Alliance v. Millis*, 720 F. Supp. 3d 703, 710–11 (E.D. Wis. 2024), this Court stated: "[W]hat is there to modify if no decision was rendered and no interpretation of law offered?"

39. State court mandamus is not an adequate alternative remedy. Mandamus lies only to compel performance of a ministerial duty, not to resolve contested legal questions or supervise ongoing compliance with federal law.

40. A mandamus order directing WEC to "process" complaints would not require WEC to provide the specific federal remedy: a HAVA-compliant procedure with a neutral adjudicator, a hearing on the record, and a timely determination.

*E. Distinguishing Prior Litigation*

41. In *Wisconsin Voter Alliance v. Millis*, 764 F. Supp. 3d 793 (E.D. Wis. 2025), this Court dismissed organizational plaintiffs for failure to demonstrate concrete injury.

42. Plaintiff is an individual, not an organization.

43. Plaintiff personally filed written complaints, personally requested hearings, and was personally refused.

*F. Ongoing Injury*

44. WEC published a webpage titled "Questions about Wisconsin's HAVA Complaint Process."

45. The webpage states that WEC will not process HAVA complaints naming the Commission as respondent.

46. Plaintiff intends to file HAVA complaints concerning future federal elections.

*G. Abstention*

47. This action does not seek review of any ongoing state proceeding.

48. WEC refused to initiate any proceeding for any of the four HAVA complaints filed.

**V. STATUTORY BACKGROUND**

*A. HAVA § 402*

49. HAVA § 402 requires each State receiving HAVA funds to "establish and maintain" a uniform administrative complaint procedure for Title III violations. 52 U.S.C. § 21112(a)(1).

50. The word "maintain" imposes a continuing obligation on States to preserve complaint procedures.

51. The state procedure must allow any person who believes there is a violation to file a written, signed, and sworn complaint. 52 U.S.C. § 21112(a)(2)(B)–(C). As a condition of receiving HAVA funds, a State shall establish a uniform, nondiscriminatory complaint process under which "any person" who believes a violation has occurred may file a complaint. 52 U.S.C. § 21112(a)(1), (a)(2)(B).

52. The state procedure must provide a hearing on the record when requested. 52 U.S.C. § 21112(a)(2)(E).

53. The state procedure must provide a final determination within 90 days, or ADR within 60 days. 52 U.S.C. § 21112(a)(2)(H)–(I).

*B. Wisconsin's Failure to Maintain a HAVA State Plan*

54. As a condition of receiving HAVA funding, Wisconsin was required to file a State Plan with the U.S. Election Assistance Commission. 52 U.S.C. § 21003(b)(1).

55. To receive HAVA requirements payments, the State of Wisconsin was required to certify to the EAC that it had "filed with the Commission a plan for the implementation of the uniform, nondiscriminatory administrative complaint procedures required under section 21112" and "has such procedures in place." 52 U.S.C. § 21003(b)(2)(A).

56. The State Plan must include "a description of the uniform, nondiscriminatory State-based administrative complaint procedures in effect under section 21112." 52 U.S.C. § 21004(a)(9).

57. Under 52 U.S.C. § 21004(a)(11), a State may not make "material change[s] in the administration of the plan" without following federal notice and publication procedures.

58. Wisconsin's most recent HAVA State Plan on file with the U.S. Election Assistance Commission was the "2009–2014 Election Administration Plan" submitted by the Government Accountability Board ("GAB") on October 13, 2009.

59. The GAB State Plan by its terms covered the period from October 1, 2009 through September 30, 2014.

60. The GAB State Plan has not been amended or superseded since September 30, 2014.

61. The Government Accountability Board did not file a successor State Plan before its dissolution.

62. The Government Accountability Board was dissolved on June 27, 2016.

63. The Wisconsin Elections Commission was created on June 30, 2016; per the 2015 Wis. Act 118.

64. WEC is a legally distinct agency from the Government Accountability Board.

65. The dissolution of GAB and creation of WEC constituted a material change in the administration of Wisconsin's HAVA State Plan requiring amendment under 52 U.S.C. § 21004(a)(11).

66. Upon information and belief, Wisconsin did not publish notice of this material change in the Federal Register as required by 52 U.S.C. § 21004(a)(11)(A).

67. Upon information and belief, since the creation of WEC in 2016, Wisconsin has not filed with the EAC any successor or amended HAVA State Plan describing Wisconsin's administrative complaint procedures under 52 U.S.C. § 21112.

68. Upon information and belief, Wisconsin has certified HAVA compliance to receive federal funds despite WEC never having filed a State Plan with the EAC.

69. Wisconsin's Federal Register–published State Plan, from 2009, committed to processing HAVA complaints, including those naming the administering authority.

70. Wisconsin's HAVA State Plan, as published in the Federal Register by the U.S. Election Assistance Commission, sets out Wisconsin's "State-Based Administrative Complaint Procedures" for HAVA § 402. (74 Fed. Reg. 58378 (Nov. 12, 2009)).

71. In that State Plan, Wisconsin represented that its HAVA § 402 complaint procedures were available to "any person" who believes a Title III violation has occurred, is occurring, or is about to occur; that such complaints would be filed under Wisconsin's state-based process; and that, upon request, a hearing on the record would be provided and a written determination issued within the required timeframe. (74 Fed. Reg. 58395–58399).

72. The State Plan does not create any exception allowing the administering agency to decline to process a HAVA complaint merely because the complaint names the administering body, its

members, or its staff; the Plan contains no "recusal → no forum" limitation. (74 Fed. Reg. 58395–58399).

73. WEC's current policy is the opposite: categorical non-processing and no hearing/no decision.

74. Contrary to Wisconsin's published State Plan, WEC now follows a categorical policy of returning HAVA complaints "without consideration" whenever WEC, its commissioners, or its staff are named, and WEC provides no hearing on the record, no contested-case proceeding, and no written determination.

75. Under that categorical policy, WEC does not docket the complaint, does not assign a neutral adjudicator, does not conduct a hearing on the record (even when requested), does not issue a decision within the required timeframe, and does not offer ADR.

76. In short, Wisconsin's Federally published State Plan commits the State to providing a HAVA § 402 forum and hearing process for "any person," but WEC's current practice eliminates that forum entirely whenever the complaint names the Commission – leaving complainants without any hearing and without any reviewable decision. (74 Fed. Reg. 58395–58399).

77. Table X — Wisconsin HAVA State Plan (Federal Register) vs. WEC Current Practice

| Federal Register Pin-cite | Wisconsin's State Plan Commitment | WEC Current Practice (Violation) |
|---|---|---|
| 74 Fed. Reg. 58395 Federal Register Publication... | Wisconsin represents that "any person" who believes a HAVA Title III violation has occurred, is occurring, or is about to occur may file a written, sworn administrative complaint under the State's HAVA § 402 procedures. | WEC categorically refuses to process HAVA complaints whenever WEC, its commissioners, or its staff are named, returning such complaints "without consideration." |
| 74 Fed. Reg. 58395 Federal Register Publication... | Wisconsin commits that upon request of the complainant, a hearing on the record shall be provided as part of the State-based HAVA complaint process. | Plaintiff requested hearings in each HAVA complaint; WEC provided no hearing on the record in any EL matter. |

| Federal Register Pin-cite | Wisconsin's State Plan Commitment | WEC Current Practice (Violation) |
|---|---|---|
| 74 Fed. Reg. 58395<br><br>Federal Register Publication… | Wisconsin commits that HAVA complaints will be adjudicated through the State's administrative process, resulting in a written determination within the required statutory timeframe. | WEC issued no merits determination, created no contested case, and produced no reviewable decision in any complaint. |
| 74 Fed. Reg. 58395<br><br>Federal Register Publication… | The State Plan contains no exception allowing the administering agency to decline jurisdiction or eliminate the complaint forum based on institutional conflict or "recusal." | WEC invokes an extra-statutory "ethical recusal" rationale to eliminate the HAVA complaint forum entirely, leaving complainants without any process. |

78. Wisconsin has received approximately $77 million in federal HAVA funding. WEC received these funds since it was created in 2016.

79. WEC, the Commissioners, Meagan Wolfe, has failed to maintain the administrative complaint procedures that Wisconsin represented to the federal government it would provide. WEC, the Commissioners, Meagan Wolfe, has never created, written, implemented a HAVA state implementation plan.

80. WEC, the Commissioners, Meagan Wolfe, has never filed a HAVA state implementation plan to the federal Election Assistance Commission ("EAC"). WEC, the Commissioners, Meagan Wolfe, have never caused a HAVA state implementation plan to be published in the Federal Register.

*C. Wis. Stat. § 5.061*

81. The Wisconsin Legislature enacted Wis. Stat. § 5.061, titled "Compliance with federal Help America Vote Act," to codify Wisconsin's HAVA complaint procedure.

82. Section 5.061(1) provides that any person believing a Title III violation has occurred "may file a written, verified complaint with the commission."

83. Section 5.061(3) provides that when a complainant requests a hearing, "the matter shall then be treated as a contested case under ch. 227."

84. Section 5.061(3) further provides that WEC "shall make a final determination with respect to the merits of the complaint and issue a decision within 89 days."

*D. Chapter 227 Protections*

85. Wis. Stat. § 227.44(1) provides: "In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice."

86. Wis. Stat. § 227.42(1) provides an independent right to a contested case hearing when a substantial interest is injured by agency action or inaction.

87. Wis. Stat. § 227.46(5) provides that in certain proceedings, "the hearing examiner shall not be an official of the agency."

88. Wis. Stat. § 227.46(6) provides that a hearing examiner or agency official may disqualify himself or herself.

89. Wis. Stat. § 227.43 authorizes assignment of hearing examiners from the Division of Hearings and Appeals to preside over contested cases.

*E. No Statutory Authority for WEC's Policy*

90. Wis. Stat. § 227.10(2m) provides that no agency may implement any standard unless "explicitly required or explicitly permitted by statute or by a rule that has been promulgated."

91. No Wisconsin statute explicitly requires WEC to refuse to process HAVA complaints naming the Commission as respondent.

92. No Wisconsin administrative rule explicitly permits WEC to refuse to process HAVA complaints naming the Commission as respondent.

## VI. FACTS

*A. Plaintiff's Complaints*

93. Plaintiff submitted four verified written HAVA complaints to WEC.

94. Plaintiff submitted the complaints pursuant to Wis. Stat. § 5.061(1).

95. In each complaint, Plaintiff requested the hearing required by 52 U.S.C. § 21112(a)(2) and Wis. Stat. § 5.061(3).

*B. Refusal #1 — EL 25-78*

96. On June 4, 2025, WEC Staff Attorney Brandon Hunzicker sent Plaintiff a letter regarding EL 25-78.

97. The letter stated that the complaint was being disposed of "without consideration."

98. WEC did not docket EL 25-78 for adjudication.

99. WEC did not assign a neutral adjudicator in EL 25-78.

100. WEC did not provide a hearing on the record in EL 25-78.

101. WEC did not issue a determination in EL 25-78.

102. WEC did not offer ADR in EL 25-78.

*C. Refusal #2 — EL 25-80*

103. On June 11, 2025, WEC Staff Attorney Angela O'Brien Sharpe sent Plaintiff written communications regarding EL 25-80.

104. The communications stated that allegations could not be severed to permit partial adjudication.

105. WEC did not docket EL 25-80 for adjudication.

106. WEC did not assign a neutral adjudicator in EL 25-80.

107. WEC did not provide a hearing on the record in EL 25-80.

108. WEC did not issue a determination in EL 25-80.

109. WEC did not offer ADR in EL 25-80.

*D. Refusal #3 — EL 25-81*

110. On June 11, 2025, WEC Staff Attorney Angela O'Brien Sharpe sent Plaintiff written communications regarding EL 25-81.

111. The communications extended the refusal rationale to additional respondents based on "intertwined" allegations.

112. WEC did not docket EL 25-81 for adjudication.

113. WEC did not assign a neutral adjudicator in EL 25-81.

114. WEC did not provide a hearing on the record in EL 25-81.

115. WEC did not issue a determination in EL 25-81.

116. WEC did not offer ADR in EL 25-81.

*E. Refusal #4 — EL 25-82*

117. On July 21, 2025, WEC General Counsel James Witecha sent Plaintiff a letter regarding EL 25-82.

118. The letter stated that the complaint was being disposed of "without consideration."

119. WEC did not docket EL 25-82 for adjudication.

120. WEC did not assign a neutral adjudicator in EL 25-82.

121. WEC did not provide a hearing on the record in EL 25-82.

122. WEC did not issue a determination in EL 25-82.

123. WEC did not offer ADR in EL 25-82.

*F. DOJ Letter*

124. On June 4, 2025, Assistant Attorney General Harmeet Dhillon sent a letter to WEC on behalf of the U.S. Department of Justice, Civil Rights Division.

125. The letter stated that WEC's refusal "left complainants alleging HAVA violations by the Commission without any recourse."

126. The letter states Wisconsin has received "over $77,000,000 in federal funding from the U.S. Election Assistance Commission". This is since WEC was created in 2016.

127. The letter also states WEC's compliance with 52 U.S.C. § 21112 (HAVA § 402) is a condition of receiving those funds.

128. WEC has not been in compliance with HAVA. For one example, WEC has not created, written, or filed with the EAC a state implementation plan.

129. WEC has failed to maintain the statewide voter registration list. As of January 2, 2026 WEC's own website named Badger Voters showed 8,278,830 registrants.

130. The adult population in Wisconsin is about 4,700,000.

131. One of Plaintiff's HAVA complaints he filed to WEC pertains to maintaining the voter list; cleaning the voter list. There are at least 700,000 deceased on the statewide list.

132. HAVA contains a claw back clause. The federal government can claw back the $77,000,000 from WEC.

133. The USDOJ letter stated that WEC's actions "justify a bar against the Wisconsin Elections Commission receiving any future funding from the U.S. Election Assistance Commission."

134. WEC accepted more than $77 million in HAVA funding while categorically refusing to provide the very administrative complaint process Congress required as a condition of those funds.

*G. Forfeiture / Clawback (HAVA Funds Conditioned on § 21112 Compliance).*

135. HAVA makes Wisconsin's receipt of federal election funds expressly conditional on maintaining a compliant, state-based administrative complaint procedure. 52 U.S.C. §

21112(a)(1). That condition is not optional or aspirational. It requires a uniform, nondiscriminatory process under which any person may file a Title III complaint, a hearing on the record must be provided upon request, and the State must issue a timely determination or, if it fails, provide alternative dispute resolution. 52 U.S.C. § 21112(a)(2)(A)–(I).

136. WEC's categorical practice of disposing of HAVA complaints "without consideration" whenever the Commission, Commissioners, or Commission staff are named as respondents nullifies the federally required process and defeats the bargain Congress imposed as a condition of funding. Because compliance with § 21112 is a condition precedent to lawful receipt and retention of HAVA funds, Wisconsin's material noncompliance triggers federal remedial consequences, including prospective suspension of funding, recoupment, and other grant-remedy measures available to the United States and the U.S. Election Assistance Commission to protect the federal fisc and enforce program conditions.

137. Where a State accepts HAVA funds while refusing to provide the complaint forum and hearing Congress required, the resulting injury is not merely procedural. It is a funding-conditioned deprivation of a federal enforcement mechanism that Congress made mandatory. 52 U.S.C. § 21112(a).

*H. Initial State Plan Requirement*

138. To be eligible for HAVA requirements payments, a state must file a State Plan with the EAC containing the elements described in 52 U.S.C. § 21004(a). See 52 U.S.C. § 21003(b)(1).

139. Under 52 U.S.C. § 21004(a)(11), whenever a state makes any "material change" in administration of its plan, the state must: a) Develop and publish notice of the change in the Federal Register in accordance with § 21005, b) Subject the change to public notice and comment per § 21006, c) Wait 30 days after Federal Register publication before the change takes effect.

140. WEC never created, wrote or filed a state implementation plan to the EAC.

141. Amendments to the state implementation plan were required when material changes occur (published in Federal Register).

142. WEC made a material change in implementing HAVA in the state by refusing to file, process, hear, HAVA complaints.

143. WEC failed to notice the EAC of this material change.

144. The Plan must be updated and resubmitted every time a material change occurs. WEC failed to meet this requirement.

145. 52 U.S.C. § 21004(a)(12) requires that if a state has an existing plan in effect:

"a description of how the plan reflects changes from the State plan for the previous fiscal year and of how the State succeeded in carrying out the State plan for such previous fiscal year."

146. WEC failed to write, provide, send any such description of the change(s) to the EAC.

## VII. CLAIMS FOR RELIEF

**COUNT I**

Violation of HAVA § 402 (52 U.S.C. § 21112)

42 U.S.C. § 1983 — Prospective Relief Only

147. Plaintiff incorporates paragraphs 1 through 146 as if fully set forth herein.

148. HAVA § 402 requires Wisconsin to maintain an administrative complaint procedure that provides a hearing on the record when requested. 52 U.S.C. § 21112(a).

149. HAVA § 402 uses rights-creating language: "any person who believes that there is a violation . . . may file a complaint." 52 U.S.C. § 21112(a)(2)(B). Section 21112 is phrased in rights-creating terms directed to individual complainants and mandates specific, judicially administrable procedures, creating a federal right enforceable under § 1983.

150. HAVA's enforcement mechanisms do not foreclose § 1983. *See Sandusky Cty. Democratic Party v. Blackwell*, 387 F.3d 565, 571–73 (6th Cir. 2004).

151. Plaintiff filed written complaints and requested hearings.

152. WEC refused to provide the procedure required by HAVA § 402.

153. WEC's refusal to provide HAVA complaint procedures is consistent with the absence of any successor or amended State Plan filed after WEC's creation describing how Wisconsin will provide the § 21112 hearing-and-determination process.

154. Respondents are proper parties for prospective relief under *Ex parte Young*, 209 U.S. 123 (1908).

**COUNT II**

Procedural Due Process (Fourteenth Amendment)

42 U.S.C. § 1983 — Prospective Relief Only

155. Plaintiff incorporates paragraphs 1 through 154 as if fully set forth herein.

156. Wisconsin created a statutory entitlement to a contested case hearing when a HAVA complainant requests a hearing. Wis. Stat. § 5.061(3).

157. Wisconsin created a statutory entitlement to a decision within 89 days. Wis. Stat. § 5.061(3).

158. Plaintiff requested hearings in each of his four complaints.

159. WEC did not provide contested case proceedings.

160. WEC did not issue decisions within 89 days.

161. A State may not destroy a complainant's opportunity to use an adjudicatory mechanism it has created. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 431–33 (1982).

162. By enacting Wis. Stat. § 5.061(3), Wisconsin created a mandatory adjudicatory entitlement (a contested-case hearing path and a decision deadline) that WEC may not nullify by refusing to docket and decide complaints.

**COUNT III**

First Amendment Right to Petition

42 U.S.C. § 1983 — Prospective Relief Only

163. Plaintiff incorporates paragraphs 1 through 162 as if fully set forth herein.

164. The First Amendment protects the right "to petition the Government for a redress of grievances." U.S. Const. amend. I.

165. The right to petition extends to administrative agencies. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972).

166. Wisconsin designated the WEC HAVA complaint process under Wis. Stat. § 5.061 as the forum to petition for redress of Title III grievances.

167. WEC refused to process Plaintiff's complaints.

168. WEC refused to provide any hearing.

169. Wis. Stat. § 227.43 provides for assignment of complaints to an independent hearing examiner.

170. WEC's categorical refusal to adjudicate complaints naming itself as respondent forecloses access to the sole designated forum for HAVA grievances.

171. Plaintiff does not claim a right to a favorable merits ruling, only a right to access and use the forum the State designated for HAVA grievances.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court:

### A. As to Count I (HAVA § 402):

(1) DECLARE that WEC's refusal to process Plaintiff's HAVA complaints violates 52 U.S.C. § 21112;

(2) ENJOIN Respondents to docket and process written HAVA complaints;

(3) ENJOIN Respondents to provide a hearing on the record when requested;

(4) ENJOIN Respondents to issue a final determination within 89 days or provide ADR within 60 days;

(5) DECLARE that WEC's categorical refusal to process § 21112 complaints constitutes ongoing noncompliance with a condition of receiving HAVA funds; and

(6) ENJOIN WEC to come into compliance by docketing, assigning a neutral adjudicator, holding hearings on request, and issuing determinations or ADR as required by § 21112.

### B. As to Count II (Due Process):

(1) DECLARE that WEC's refusal to provide contested case proceedings violates the Fourteenth Amendment;

(2) ENJOIN Respondents to treat HAVA complaints as contested cases under Chapter 227 when a hearing is requested;

### C. As to Count III (Right to Petition):

(1) DECLARE that WEC's refusal to process complaints forecloses access to the designated forum in violation of the First Amendment;

(2) ENJOIN Respondents to assign complaints in which WEC asserts an internal conflict to a neutral adjudicator under Wis. Stat. § 227.43;

D. AWARD Plaintiff costs under Fed. R. Civ. P. 54(d); and

E. GRANT such other relief as the Court deems just and proper.

Dated: 01-02-26

Respectfully submitted,

*[signature]*

Peter Bernegger  *Plaintiff*
1806 Brynnwood Trace
New London, WI 54961
(920) 551-0510  pmbmap123@gmail.com