IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

PETER BERNEGGER,

      Plaintiff,

      v.                      Case No. 2026-CV-0003

DON M. MILLIS, et al.,

      Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO DISMISS AMENDED COMPLAINT**

---

### INTRODUCTION

Plaintiff Peter Bernegger, a Wisconsin elector, attempts to allege claims under the Help America Vote Act of 2002 (HAVA), 52 U.S.C. § 20901–21145, and 42 U.S.C. § 1983, because the Wisconsin Elections Commission declined to decide administrative complaints he brought against the Commission itself.

This case is not the first time this Court has been presented with such claims. In *Wisconsin Voter Alliance v. Millis*, plaintiffs made similar claims, and their case was dismissed for lack of standing. 764 F. Supp. 3d 793 (E.D. Wis. 2025). The Seventh Circuit affirmed "because the district court properly applied the tests for identifying intangible 'injuries in fact' and organizational standing." *Wis. Voter All. v. Millis*, No. 25-1279,

2026 WL 370269, \*1 (7th Cir. Feb. 10, 2026) (per curiam). As with the plaintiffs in *Wisconsin Voter Alliance,* Bernegger here lacks standing to sue. The procedural violations of HAVA he alleges are not a concrete harm for Article III purposes. This Court should dismiss his amended complaint, (Dkt. 11), for lack of standing.

If it reaches the merits, his amended complaint also fails to state a claim upon which relief can be granted. HAVA creates no private cause of action, and 42 U.S.C. § 1983 provides no vehicle to raise a HAVA claim in federal court.

This Court should grant the motion to dismiss.

## BACKGROUND

Bernegger's case seeks to challenge Wisconsin's procedures for handling HAVA complaints under Wis. Stat. § 5.061 and the Commission's handling of four HAVA complaints Bernegger filed with and against the Commission's Commissioners and Administrator.

## I.    Statutory background

### A.    HAVA requires states to establish administrative-complaint procedures.

In 2002, HAVA was passed to "'establish minimum election administration standards for States and units of local government with responsibility for the administration of federal elections,' and for other purposes." *Wis. Voter All.*, 764 F. Supp. 3d at 796 (quoting Pub. L. No. 107-252,

116 Stat 1666 (2002)). HAVA § 402 requires States receiving HAVA funding to "establish and maintain State-based administrative complaint procedures." 52 U.S.C. § 21112(a)(1).

Anyone who believes there was a violation of subchapter III of HAVA—its election technology and administration requirements—can file a complaint with the State under the state-based administrative complaint procedures. 52 U.S.C. § 21112(2)(B). The state procedures provide that, "[a]t the request of the complainant, there shall be a hearing on the record." 52 U.S.C. § 21112(2)(E). The state body authorized to do so makes the determination as to whether there was a violation of HAVA. 52 U.S.C. § 21112(2)(F)–(I).

## B. Wisconsin's HAVA complaint procedures provide for a decision by the Commission.

In 2003, Wisconsin enacted Wis. Stat. § 5.061, titled "Compliance with federal Help America Vote Act." Under the statute, anyone who "believes that a violation of Title III of P.L. 107-252 has occurred, is occurring, or is proposed to occur with respect to an election for national office . . . may file a written, verified complaint with the commission." Wis. Stat. § 5.061(1). A complainant may request a hearing, and the Commission must issue a decision within 89 days of the complaint's filing. Wis. Stat. § 5.061(3). "If the commission finds the complaint to be without merit, it shall issue a decision dismissing the complaint. If the commission finds that the violation alleged in the complaint

has occurred, is occurring, or is proposed to occur, the commission shall order appropriate relief." Wis. Stat. § 5.061(4).

## II. Bernegger filed four HAVA complaints with the Commission, which the Commission determined it cannot decide due to a conflict of interest.

Plaintiff Peter Bernegger, a Wisconsin elector, submitted four verified, written HAVA complaints to the Commission. (Dkt. 11 ¶¶ 14, 24–26.) Bernegger's complaints alleged that the Commission received funding from the U.S. Election Assistance Commission (EAC) but was not in compliance with HAVA. (Dkt. 1 ¶¶ 62–73.) He alleged that the Commission has not submitted a state HAVA implementation plan to EAC and has refused to provide an administrative complaint procedure. (Dkt. 11 ¶¶ 62–73.)

The Commission notified Bernegger that it would not determine the merits of his HAVA complaints against the Commission, the Commissioners, and its Administrator. (Dkt. 11 ¶¶ 27 (the Commission "returned all four complaints 'without consideration.'"), 79–86 (describing the dismissals).) The Commission determined that it could not "process complaints naming themselves due to a 'conflict of interest.'" (Dkt. 11 ¶ 64.)

## III. Bernegger filed this action in federal court and amended his complaint.

Bernegger did not seek judicial review of any of the Commission's decisions in state court. Instead, he filed this suit in federal court and has now

4

filed an amended complaint. (Dkt. 11.) Bernegger's amended complaint kept the core arguments from his original complaint but reorganized them and added additional reasoning. Count I of the amended complaint alleges that HAVA created a "mandatory complaint forum" and that the Commission "eliminated the forum itself through a categorical refusal" to hear complaints against the Commission, which Bernegger alleges violates his Fourteenth Amendment right to procedural due process. (Dkt. 11 ¶¶ 88, 94.) Count II of the amended complaint similarly argues that the Commission foreclosed access to the forum for HAVA administrative complaints and thereby violated Bernegger's First Amendment right to petition. (Dkt. 11 ¶¶ 102–05.) Count III of the amended complaint alleges that HAVA requires states to establish and maintain a complaint procedure and contains no exception for complaints against the Commission; therefore, the Commission's alleged actions violated HAVA directly. (Dkt. 11 ¶¶ 107, 111.)

## LEGAL STANDARD

Motions to dismiss are meant to test the sufficiency of the complaint. *See Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject-matter jurisdiction. Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain

5

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Sherwood v. Marchiori*, 76 F.4th 688, 693 (7th Cir. 2023).

A claim is plausible when the plaintiff alleges sufficient facts that would allow a court to reasonably infer that the defendant is liable for the alleged misconduct, but a court may decline to accept as true any allegations that "are no more than conclusions." *Iqbal*, 556 U.S. at 678–79. Although courts accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff, it is nonetheless the plaintiff's "burden of establishing that the jurisdictional requirements have been met." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 589 (7th Cir. 2014).

## ARGUMENT

This Court should dismiss Bernegger's amended complaint for two, independent reasons: he (1) lacks standing, and (2) fails to state a claim upon which relief can be granted, as neither HAVA nor 42 U.S.C. § 1983 provides a private cause of action for HAVA claims in federal court.

## I.    Bernegger lacks standing.

### A.    Article III of the Constitution requires both an injury-in-fact and a claim redressable by a federal court.

Federal courts do not have subject matter jurisdiction in every case. Judicial power is limited to resolving "Cases" and "Controversies." U.S. Const. art. III, § 2. This limitation requires plaintiffs to establish their standing to sue—a "'personal stake' in the outcome of the suit." *Nabozny v. Optio Solutions LLC*, 84 F.4th 731, 734 (7th Cir. 2023) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). Courts therefore look to the "complaint to assess whether [the plaintiff's] allegations of injury, accepted as true, are sufficient to support her standing to sue." *Id.*

A plaintiff hoping to establish standing must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (citation omitted). There is no standing "[w]ithout 'an injury that the defendant caused or the court can remedy.'" *Id.* (citation omitted).

Here, Bernegger both fails to show the injury in fact necessary to confer Article III standing by alleging only the harm from alleged procedural violations of HAVA and fails to allege injury redressable by federal judicial

relief. And his attempt to transform an alleged HAVA procedural violation into First and Fourteenth Amendment claims does not confer standing.

### 1. Bernegger has no injury in fact based on an alleged procedural violation of HAVA.

Under Article III of the Constitution, "[a]n injury in law is not an injury in fact." *TransUnion*, 594 U.S. at 427. Only those who can show concrete harm may sue. *Id.* at 424. A procedural violation of a statute, standing alone, creates no such concrete harm. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–42 (2016). That is all that Bernegger has alleged here.

In *Spokeo*, the Court held that alleged procedural violations of the Fair Credit Reporting Act were not particularized and concrete for standing purposes. 578 U.S. at 339–42. The plaintiff alleged that Spokeo violated the FRCA by failing to follow reasonable procedures to assure the accuracy of information it made available on its people search engine about the plaintiff. *Id.* at 335. The Court held that "Article III standing requires a concrete injury even in the context of a statutory violation" and that the plaintiff did not satisfy Article III by alleging only a procedural violation. *Id.* at 341–42. Plaintiffs, the Court explained, cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* at 341.

Since *Spokeo*, the Seventh Circuit has consistently held that plaintiffs who raise statutory violations without alleging concrete harm to themselves lack standing. *See Nabozny*, 84 F.4th at 734–38; *Baysal v. Midvale Indem. Co.*, 78 F.4th 976, 977 (7th Cir. 2023); *Choice v. Kohn Law Firm, S.C.*, 77 F.4th 636, 638–40 (7th Cir. 2023); *Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 939–41 (7th Cir. 2022); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1063–67 (7th Cir. 2020) ("[N]either complaint contains any allegation of harm—or even an appreciable risk of harm—from the claimed statutory violation." (emphasis omitted)). The Seventh Circuit clarified that an injury sufficient to confer standing is something "resembling a traditional tangible injury, financial or physical." *Wis. Voter All.*, 2026 WL 370269, \*2.

Even if HAVA created protectable federal rights, "a plaintiff does not automatically satisfy 'the injury-in-fact requirement.'" *Wis. Voter Alliance v. Millis*, 720 F. Supp. 3d 703, 709 (E.D. Wis. 2024) (quoting *Spokeo*, 578 U.S. at 339). Bernegger's HAVA claims suffer the same defect as the claims at issue in *Spokeo* and the cited Seventh Circuit cases. They allege only a statutory violation of HAVA without any specific alleged harm to Bernegger, which is insufficient to confer Article III standing. Bernegger fails to allege "a close relationship to" a "harm traditionally recognized as providing a basis for a lawsuit in American courts." *Dinerstein v. Google, LLC*, 73 F.4th 502, 511 (7th Cir. 2023) (quoting *TransUnion*, 594 U.S. at 432); s*ee Nabozny*, 84 F.4th at 734.

9

Bernegger's amended complaint alleges only violations of HAVA's statutory procedure as the source of his alleged harms: Count I of the amended complaint alleges that he "properly invoked the forum" and "had a state-created adjudicatory entitlement to a final, reviewable determination within the statutory deadline." (Dkt. 11 ¶ 92.) Bernegger alleges that "[r]espondents' categorical refusal to process HAVA complaints naming WEC renders the statutory remedy nonexistent" and deprived him of procedural due process. (Dkt. 11 ¶ 93–97.) Count II of the amended complaint alleges foreclosure of the "right to access and use the forum" for a HAVA complaint as a First Amendment violation. (Dkt. 11 ¶ 105.) Lastly, Count III of his amended complaint alleges that "[r]espondents refused to provide the hearing on the record and adjudicatory procedure that HAVA § 402 requires" and that the Commission does not have a State Plan for compliance with HAVA. (Dkt. 11 ¶¶ 107–10.)

These claims do not allege concrete injuries conferring standing. Instead, if true, these allegations would amount to bare procedural violations of HAVA, which are insufficient for purposes of standing. *See Nabozny*, 84 F.4th at 734–38. Moreover, and as argued in Section I.B., *infra*, Bernegger's attempt to litigate an alleged procedural HAVA violation as a First or Fourteenth Amendment claim does not transform his lack of injury-in-fact into a cognizable claim to confer standing.

Ultimately, Bernegger alleges harms from procedural violations of 52 U.S.C. § 21112, nothing more. He lacks Article III standing.

### 2. Bernegger's alleged injuries are not redressable by federal judicial relief.

Bernegger also lacks standing because his alleged injuries cannot be "redressed by judicial relief" in federal court. *Nabozny*, 84 F.4th at 734 (quoting *TransUnion*, 594 U.S. at 423.)

Rather than creating a private cause of action under HAVA, Congress established "state-based administrative complaint procedures to remedy grievances" of HAVA subchapter III. 52 U.S.C. § 21112. HAVA allows a person to file a complaint and requires a hearing on the record if requested by the complainant. 52 U.S.C. § 21112(a)(2)(A)–(E). Then, "[i]f, under the procedures, the State determines that there is a violation of any provision of subchapter III, the State shall provide the appropriate remedy." 52 U.S.C. § 21112(a)(2)(F).

Wisconsin law provides such a procedure for judicial review in state court. When a state agency issues a decision that adversely impacts the substantial interests of a person, that decision is subject to judicial review under Wis. Stat. ch. 227. *See* Wis. Stat. §§ 227.52; 227.53(1). Wisconsin Stat. ch. 227 provides "the exclusive method for judicial review of agency determinations." *Turkow v. DNR,* 576 N.W.2d 288, 289 (Wis. Ct. App. 1998).

11

Insofar as Bernegger could demonstrate that he was "aggrieved" under Wis. Stat. § 227.53(1), he could have sought judicial review under Wis. Stat. ch. 227 in state court to challenge the Commission's decisions declining to address the merits of his HAVA complaints. But he did not do so. Such review would have constituted the exclusive state court remedy that Congress envisioned in HAVA. Congress created "*[s]tate-based* administrative complaint procedures to remedy grievances" of HAVA subchapter III. 52 U.S.C. § 21112. To the extent these state-based administrative procedures include judicial review, Wis. Stat. ch. 227 provides that.

In sum, Congress required that Bernegger's HAVA claims be remedied only through state-law procedures, so his alleged injuries cannot be "redressed by judicial relief." *Nabozny*, 84 F.4th at 734 (citation omitted). The inability to redress through federal judicial relief is a second reason why he lacks standing, and this Court lacks subject-matter jurisdiction.

## B. Bernegger's allegations regarding his First and Fourteenth Amendment rights do not remedy his lack of standing.

Bernegger alleges that he has standing to raise a 42 U.S.C. § 1983 claim regarding his First Amendment right to petition. (Dkt. 11 ¶¶ 102–05.) He also alleges that he has standing to raise a 42 U.S.C. § 1983 claim because the Commission's refusal to hear his complaints "extinguished the forum itself and deprived plaintiff of any meaningful opportunity to obtain a record and

decision" contrary to the Fourteenth Amendment's Due Process Clause. (Dkt. 11 ¶¶ 91, 95.) These allegations do not remedy Bernegger's lack of standing because the Commission did not infringe upon his right to petition or access to a forum to redress his asserted grievances. Defendants address his lack of standing as to each constitutional argument in turn.

### 1. Bernegger's First Amendment right to petition was not violated.

"[T]he rights to speak, associate, and petition [do not] require government policymakers to listen or respond to individuals' communications on public issues." *Minn. State Bd. for Comm. Colleges v. Knight*, 465 U.S. 271, 285 (1984); *see also Wis. Voter All.*, 2026 WL 370269, *6 (same). "[W]hile the government may not interfere with the right to petition, . . . it need not grant the petition, no matter how meritorious it is." *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000) (internal citations omitted).

Bernegger's own allegations show that he was in fact able to petition the Commission for redress of his grievances. (Dkt. 11 ¶¶ 24–26.) "That the [Commission] did not take any action, or at least to the satisfaction of Plaintiffs, is of no moment." *Shipley v. Chi. Bd. Of Election Comm'rs*, 947 F.3d 1056, 1064 (7th Cir. 2020). Bernegger has shown no injury in fact. The facts he alleged in his amended complaint do not contain allegations that, if true, would show his First Amendment rights were violated.

Bernegger's First Amendment claim is not redressable by this Court.

### 2. Bernegger's HAVA claims do not implicate a procedural due process right.

The Due Process Clause of the Fourteenth Amendment is triggered "if state action implicates a constitutionally protected interest in life, liberty or property." *Lekas v. Briley*, 405 F.3d 602, 607 (7th Cir. 2005). Here, Bernegger alleges a "property interest" in his access to the HAVA complaint forum. (Dkt. 11 ¶ 88.) His claim relies on *Logan v. Zimmerman Brush Co.*, which states that "a cause of action is a species of property protected by the Fourteenth Amendment[ ]." 455 U.S. 422, 430 (1982). (Dkt. 11 ¶ 95.)

But, as argued in Section IA, *supra*, Bernegger has no private cause of action under HAVA. And he has no underlying "property interest" that could be addressed through HAVA procedures. In *Logan*, for example, the plaintiff had an underlying interest in property, namely, his employment. *Id.* at 431. Bernegger does not have any similar underlying interest in property. Instead, he tries to rely on access to the forum—the state law HAVA administrative procedure itself—as a property interest to raise a procedural due process claim. Just as he lacks standing to challenge an alleged violation of HAVA statutory procedure, so too does he lack standing to argue that such alleged statutory noncompliance violated his procedural due process rights.

Further, Bernegger did not avail himself of the process that state law provided in Wis. Stat. ch. 227 for judicial review of the Commission's four decisions regarding the HAVA complaints he filed with and against the Commission. He cannot maintain a Fourteenth Amendment procedural due process claim based on his own failure to pursue state-law remedies.

Without any alleged injury in fact or ability to obtain redress through federal judicial relief, Bernegger lacks standing to litigate his amended complaint. His attempt to characterize an alleged procedural HAVA violation as a First or Fourteenth Amendment claim does not confer standing. This Court should dismiss his amended complaint in full for lack of standing, and it need not proceed further.

## II. The amended complaint fails to state a claim upon which relief can be granted.

Beyond Bernegger's lack of Article III standing, the amended complaint should further be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. "A theory of relief"—"what the common law used to call a cause of action"—"is the vehicle for pursuing the claim; it may be based on any type of legal source, whether a constitution, statute, precedent, or administrative law." *Saint Augustine Sch. v. Underly*, 78 F.4th 349, 352 (7th Cir. 2023).

Bernegger lacks a cause of action in federal court for his claims under either HAVA itself or 42 U.S.C. § 1983, and he fails to state a First Amendment or Fourteenth Amendment claim based on an alleged violation of Wisconsin state law.

## A.     HAVA does not create a private cause of action.

It is well established that HAVA does not create a private cause of action to sue in federal court. In *Wisconsin Voter Alliance*, this Court held that "Congress did not create a private right of action for individuals who wish to enforce the substantive provisions of HAVA in federal court." *Wis. Voter All.*, 720 F. Supp. 3d at 710. This Court held that Congress established only two ways to enforce HAVA—a civil action by the Attorney General or a state-based administrative complaint procedure—and did not intend to create an additional method. *Id.* at 710. The Seventh held that "Congress has not created a private right of action for individuals to enforce HAVA in federal court." *Wis. Voter All.*, 2026 WL 370269, \*5.

Other federal circuit and district courts have agreed with this logic. *See, e.g.*, *Am. Civ. Rights Union v. Phila. City Commr's*, 872 F.3d 175, 184 (3d Cir. 2017) ("HAVA only allows enforcement via attorney general suits or administrative complaint"); *Bellitto v. Snipes*, 935 F.3d 1192, 1202 (11th Cir. 2019) ("HAVA creates no private cause of action"); *Tex. Voters All. v. Dallas*

*Cnty.*, 495 F. Supp. 3d 441, 458–61 (E.D. Tex. 2020) ("By its terms, HAVA provides two enforcement mechanisms").

In *American Civil Rights Union*, for example, a group sued city commissioners for failing to remove felons from the voter rolls under the National Voter Registration Act, and HAVA. 872 F.3d at 177. The Third Circuit held that NVRA specifically states that private parties may sue to enforce that statute. *Id.* at 179. But "HAVA does not include a private right of action that allows aggrieved parties to sue nonconforming states." *Id.* at 181. The court reasoned that, when Congress intends to give a private right of action for violations of federal statutes, it does so with clear language, and it did not take that route with HAVA. *Id.* at 185.

Only one court has disagreed: the First Circuit has alone held that HAVA may be enforced through a private action in federal court. *Colón-Marrero v. Vélez*, 813 F.3d 1, 17–22 (1st Cir. 2016). Although HAVA's provisions are framed in terms of regulation "rather than in terms of voters' rights," the First Circuit held that there could be an implied right of action or enforcement through 42 U.S.C. § 1983. *Colón-Marrero*, 813 F.3d at 16. This Court should reject that outlying decision.

HAVA does not *imply* a cause of action for a private suit. Indeed, since that First Circuit decision, the Supreme Court has emphasized that the statute must "clearly and unambiguously use rights-creating terms" to create an

enforceable right.[1] *Medina v. Planned Parenthood South Atlantic*, 606 U.S. 357, 368 (2025) (citation omitted). HAVA does not do so as to private parties.

HAVA's legislative history also supports that Congress did not create a private cause of action. The Congressional Record reflects Senators' understanding that there was no federal remedy under the legislation. For example, Senator Richard Durbin stated that, among the law's shortcomings was "the lack of an explicit, strong federal remedy through which voters can individually vindicate the rights granted them in this legislation." 148 Cong. Rec. S10488-02. Senator Christopher Dodd stated that, while he preferred the law to create a private right, the U.S. House of Representatives "simply would not entertain such an enforcement provisions [sic]. Nor would they accept Federal judicial review of any adverse decision by a State administrative body." *Id.*

In sum, HAVA creates only two methods of enforcement and "Congress's creation of specific means of enforcing [a] statute indicates that it did not intend to allow an additional remedy—a private right of action—that it did not

---

[1] Previously, an implied private right of action could exist when a private right and private remedy were ascertainable from the statutory text. *See Salazar v. S. San Antonio Indep. Sch. Dist.*, 953 F.3d 273, 280 (5th Cir. 2017) (relying upon *Alexander v. Sandoval*, 532 U.S. 275, 287 (2001)). Even if an implied right of action could exist, HAVA's text provides no indication that Congress intended to create new individual rights.

18

expressly mention at all." *Stokes v. Sw. Airlines*, 887 F.3d 199, 203 (5th Cir. 2018) (citation omitted). Nothing suggests it includes an implied cause of action. This Court should continue to hold that HAVA does not create a private cause of action.

**B.     42 U.S.C. § 1983 does not create a private cause of action for a violation of HAVA.**

42 U.S.C. § 1983 also does not create a private cause of action for an alleged violation of HAVA. Bernegger cannot use 42 U.S.C. § 1983 as a vehicle to try to litigate his HAVA claims.

"Although federal statutes have the potential to create § 1983-enforceable rights, they do not do so as a matter of course." *Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166, 183 (2023). A plaintiff seeking redress for an alleged violation of a federal statute through 42 U.S.C. § 1983 "must assert the violation of a federal right, not merely a violation of federal law." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (emphasis omitted).

Courts use traditional tools of statutory construction to assess whether "a statutory violation may be enforced through § 1983." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002). If the statute provides no private right of action, the right is not enforceable under § 1983. *Id*. at 284–85. A statute creates a federal right when it "is 'phrased in terms of the persons benefited' and contains

'rights-creating,' individual-centric language with an 'unmistakable focus on the benefited class.'" *Talevski*, 599 U.S. at 183 (citation omitted).

In *Wisconsin Voter Alliance*, the Seventh Circuit explained that HAVA "does not include rights-creating language," 2026 WL 370269, *5. The court rejected the plaintiffs' argument that "HAVA creates implied rights enforceable through § 1983." *Id.*

Applying *Wisconsin Voter Alliance*, 42 U.S.C. § 1983 does not create a private cause of action for Bernegger's HAVA claims. Although the procedures in 52 U.S.C. § 21112 benefit individuals who bring HAVA grievances, the statutory language is not rights-creating. Rather, 52 U.S.C. § 21112 focuses on the *State's* obligations rather than on an individual's entitlement: "the State shall" establish a complaint procedure, hold a hearing on the record if requested, provide an appropriate remedy for violations, dismiss complaints if there are no violations, and decide the case within 90 days. 52 U.S.C. § 21112(a). The statute is not phrased in terms of the person benefitted and the focus is on the state's obligations.

In sum, Bernegger does not have a private cause of action under 42 U.S.C. § 1983 to enforce alleged HAVA violations.

**C. Bernegger does not allege a viable First or Fourteenth Amendment claims.**

Finally, Bernegger purports to allege a 42 U.S.C. § 1983 claim regarding his First Amendment right to petition and procedural due process under the Fourteenth Amendment. (Dkt. 11 ¶¶ 101–05.)

**1. Bernegger does not allege a viable First Amendment claim.**

As argued, "[t]hat the [Commission] did not take any action, or at least to the satisfaction of Plaintiffs, is of no moment" to whether he was able to petition in accordance with the First Amendment. *Shipley*, 947 F.3d at 1064. Bernegger has not alleged a viable First Amendment claim.

In *Wisconsin Voter Alliance*, the Seventh Circuit upheld the dismissal of the plaintiffs' Petition Clause claim, which is the same claim Bernegger makes in his amended complaint here. 2026 WL 370269, *6; (Dkt. 11 ¶¶ 101–05.) As the Seventh Circuit explained, "'the Petition Clause does not provide a right to a response or official consideration' when people submit 'petitions to state agencies.'" *Wis. Voter All.*, 2026 WL 370269, *6 (citation omitted). Bernegger's Petition Clause claim is a non-starter because he has no First Amendment right to a response from the Commission as to his HAVA complaints. "[T]he Supreme Court has foreclosed this argument." *Id.*

Bernegger is also incorrect in alleging that a failure to follow Wis. Stat. § 5.061's procedural mandates under state law translates into a First

Amendment claim. (Dkt. 11 ¶¶ 103–04.) An alleged violation of state law does not create a federal constitutional claim. *Archie v. City of Racine*, 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc). The Seventh Circuit has recognized that "[a] state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law." *Id.* (citation omitted). Therefore, "[s]tate rather than federal courts are the appropriate institutions to enforce state rules." *Id.* (citation omitted). Bernegger cannot allege a First Amendment violation based on the Commission's alleged failure to follow Wis. Stat. § 5.061, a state law.

## 2. Bernegger does not have a viable procedural due process claim.

Lastly, Bernegger alleged no cognizable property interest implicating the Fourteenth Amendment's Due Process Clause, and Bernegger did not pursue state judicial review. He fails to allege any procedural due process violation. Bernegger has no "property interest" created through HAVA as he has no private cause of action through HAVA in the first instance. *See Logan*, 455 U.S. at 430. And even if he did (which he does not), he could not show any Fourteenth Amendment violation through the HAVA complaint review procedures Wisconsin has adopted. *Morrisey v. Brewer*, 408 U.S. 471, 481 (1972) ("Due process is flexible and calls for such procedural protections as the particular situation demands.").

* * *

While this Court need not reach the question of whether Bernegger has stated a viable claim because he lacks standing, insofar as this Court does reach the merits, it should dismiss Bernegger's amended complaint for failure to state a claim upon which relief may be granted.

**CONCLUSION**

This Court should grant Defendants' motion and dismiss the amended complaint, (Dkt. 11).

Dated this 19th day of February 2026.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

Electronically signed by:

s/Bridget C. Cook
BRIDGET C. COOK
Assistant Attorney General
State Bar #1142851

CLAYTON P. KAWSKI
Assistant Attorney General
State Bar #1066228

Attorneys for Defendants

23

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1740 (Cook)
(608) 266-8549 (Kawski)
(608) 294-2907 (Fax)
Bridget.Cook@wisdoj.gov
Clayton.Kawski@wisdoj.gov